IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCIERAN TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1319 (SLR) |
| ) | |
| BAUSCH & LOMB SURGICAL, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that the attached Subpoena for Documents was served by International Investigations in Indianapolis, Indiana, on March 24, 2005, by personal service upon Promex Technologies, LLC, 3049 Hudson St., Franklin, IN 46131.

Additionally, copies of this Notice of Service were caused to be served on April 4, 2005 upon the following counsel of record in the manner indicated:

**BY ELECTRONIC FILING & HAND DELIVERY**

Jack B. Blumenfeld Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
PO Box 1347
Wilmington, DE 19899-1347

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6672
apoff@ycst.com

Attorneys for Scieran Technologies, Inc.

Dated: April 4, 2005

AO 88 (Rev.11/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

SCIERAN TECHNOLOGIES, INC.

              Plaintiff,
  v.

BAUSCH & LOMB INCORPORATED

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **04-1319 (SLR)**
**U.S. District Court**
**District of Delaware**

TO: PROMEX TECHNOLOGIES, LLC
    3049 Hudson St.
    Franklin, IN 46131

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    **See Exhibit A**

| PLACE | DATE AND TIME |
| --- | --- |
| Circle City Reporting<br>135 N. Pennsylvania, Suite 2050, Indianapolis, IN 46204 | April 12, 2005 10:( |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
Craig McLaughlin, Esq., Attorneys for Plaintiff

DATE
March 24, 200

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Craig McLaughlin, Esq., O'CONNOR CHRISTENSEN & McLAUGHLIN, LLP, 1920 Main Street, Suite 150, Irvine, CA 92614, Tel: (949) 851-5000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A
### Definitions and Instructions

1.     The terms "you", "your", or "Promex" as used herein means and includes Promex Technologies, LLC, Promex, Inc., and Noetix, Inc. including but not limited to all of their corporate locations, and all of its subsidiaries, parent corporations, predecessors and successors, and affiliates, and all past or present employees, officers, directors, agents, independent contractors, trustees, officials, attorneys, attorneys-in-fact, consultants, accountants, servants, limited partners, general partners, investigators and all other related or affiliated business entities and other "persons" acting or purporting to act on their behalf.

2.     The term "Vitrectomy Cutters" as used herein means high speed vitrectomy cutting devices having an inner cannula with a pre-bent tip including, but not limited to, Bausch & Lomb's Lightning Cutter No. CX5810 and Tip Nos. CX5825 and CX4804.

3.     "Documents" shall be given the meaning defined by Rule 34 of the Federal Rules of Civil Procedure and include, without limitation, all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of documents or final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated, if necessary, that are or have been in your actual or constructive possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including but not limited to computer programs and files containing any requested information).

The term "Document" also includes any "writings," "recordings" or "photographs" as these terms are defined in the Federal Rules of Evidence 1001, and includes without limitation any agreements, contracts, contract files, purchase orders, correspondence, customer or client files, memoranda, tables, charts, graphs, schedules, reports, surveys, analyses, compilations, journals, ledgers, receipts, warehouse receipts, purchase orders, vouchers, invoices, bills of sale, bills of lading, confirmation of credit and billing statements, checks, financial statements, manuals, circulars, pamphlets, bulletins, instructions, sketches, diagrams, telegrams, facsimile, e-mail, Internet and modem transmissions, stenographic and handwritten notes, minutes of meetings, transcripts, news articles and press releases, computer programs, printouts, punch cards, tabulations, logs, telephone records, desk calendars, diaries, appointment books, computer data, electronic mail including attachments, web pages, text messages, tapes and discs, video tapes, photographs, films, voice recordings, magnetic recordings, all drafts and/or non-identical

copies of every such "writing," glossaries of all terms of art and abbreviations used in every such "writing," or any other items of a similar nature, including all originals, drafts, and non-identical copies. Any document bearing marks, including but not limited to initials, stamped initials, comments, or notations, including but not limited to initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

4. The word "any" shall mean "each and every" as well as "anyone". The masculine gender shall be deemed to include the feminine where appropriate, and the singular and the plural, and vice-versa.

5. "Thing" or "things" shall mean any tangible object other than a document, and includes objects of every kind and nature such as, but not limited to, prototypes, models and specimens.

6. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of discovery request all responses that might otherwise be construed to be outside of its scope.

7. The term "concerning" means in whole or in part constituting, containing, referring, relating, embodying, reflecting, describing, analyzing, identifying, stating, dealing with, or in any way pertaining to.

8. If you object to any request or part thereof, all documents to which your objection does not apply are to be produced.

9. If it is claimed that a request calls for documents or things that are privileged, work product or otherwise protected from disclosure and such privilege work product claim is asserted, then:

 (a) Identify the nature of the privilege or doctrine and the grounds for asserting it; and

 (b) Identify the type of document, the general subject matter of the document, the date of the document, and such other information is sufficient to identify the document.

## REQUEST FOR DOCUMENTS AND THINGS

1. All documents concerning conception, design and development of each inner cannula for use in your Vitrectomy Cutters.

2. All documents referencing or referring to Scieran or the Vit Commander.

3. All correspondence or opinions concerning U.S. Patent Nos. 6,629,986 or 6,258,111.

4. All documents concerning any decision to produce or market Vitrectomy Cutters.

5. All license agreements concerning Vitrectomy Cutters.

6. All license agreements concerning U.S. Patent Nos. to Miller 5,782,849 or 5,997,560.

7. All agreements to manufacture Vitrectomy Cutters.

8. All agreements to distribute or sell Vitrectomy Cutters.

9. All documents concerning pre-bending the tip of the inner cannula for use in Vitrectomy Cutters.

10. All documents concerning the process of inserting the inner cannula with a pre-bent tip into the outer cannula of Vitrectomy Cutters.

11. All documents concerning the process of assembling the inner cannula into the outer cannula of Vitrectomy Cutters.

12. All documents concerning how to use Vitrectomy Cutters.

13. Documents sufficient to show your source(s) of supply of inner cannulas for use in Vitrectomy Cutters.

14. Documents sufficient to show all your locations of manufacture of Vitrectomy Cutters.

15. All documents concerning any customer's desire for Vitrectomy Cutters.

3