# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 575 7291
302 425 3012 Fax
jblumenfeld@mnat.com

May 2, 2005

BY E-FILING

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

Re:   Scieran v. Bausch & Lomb; C.A. No. 04-1319 (SLR)

Dear Chief Judge Robinson:

Bausch & Lomb ("B&L") would like to raise the following issues at the discovery conference at 4:30 tomorrow afternoon:

1. Scieran's document production.

Scieran has produced fewer than 2,000 pages of documents, about half of which are copies of papers from the file wrappers of the patents-in-suit. We have not received the following categories of documents:

(a) Numerous documents from 1995, including correspondence, business and marketing plans, presentations at professional conferences and meetings, videotapes, or uses of the Vit Commander product by doctors;

(b) Scieran's 510K application for its Vit Commander product or documents concerning Scieran's arrangement with Allergan to market that product (except for the agreements themselves);

(c) The file wrapper of a pending continuation patent application; or

(d) Any emails.

The Honorable Sue L. Robinson
May 2, 2005
Page 2

2. <u>Scieran's interrogatory answers</u>.

(a) Scieran has not answered B&L's interrogatory asking for the facts concerning conception and reduction to practice of the asserted claims, or identified any corroborating documents. Nor has it described the roles of the four named inventors. This information is important for reasons we will explain tomorrow.

(b) Scieran has shifted from a reasonable royalty damages theory (set forth in its initial disclosures) to a theory where it apparently seeks Bausch & Lomb's profits (a remedy not available, as a matter of law). If Scieran is in fact seeking its lost profits, it has not produced documents showing that it had a product on the market, its manufacturing or marketing capacity, or relating to its revenues, costs or profitability.

3. <u>Protective Order</u>.

On April 5, 2005, we sent Scieran's counsel a draft protective order. We have not received any response.

Respectfully,

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld

JBB/bls

cc: Peter T. Dalleo, Clerk (By Hand)
    Adam W. Poff, Esquire (By Hand)
    Edward F. O'Connor, Esquire (By Fax)

463128