IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCIERAN TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1319 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| BAUSCH & LOMB INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SUBPOENA (BRADLEY NEMETH)

Defendant Bausch & Lomb Incorporated hereby notifies Plaintiff Scieran Technologies, Inc. that it will serve the attached subpoena on Bradley Nemeth.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Leslie A. Polizoti
_____
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Bausch & Lomb Incorporated*

Dated: July 8, 2005

---

---

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following: Josy W. Ingersoll and Leslie A. Polizoti.

I also certify that on July 8, 2005, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**BY HAND**

Josy W. Ingersoll
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

Edward O'Connor
O'CONNOR CHRISTENSEN & MCLAUGHLIN LLP
1920 Main Street, Suite 150
Irvine, CA 92614

/s/ Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT AND TUNNELL
1201 North Market Street
Wilmington, DE 19801
(302) 658-9200
lpolizoti@mnat.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Scieran Technologies, Inc.

    Plaintiff,

v.

Bausch & Lomb Incorporated

    Defendant.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 04-1319 (SLR)
(D. DEL.)

TO: Bradley W. Nemeth
9645 Granite Ridge Drive, Suite 225
San Diego, CA 92123

| | | |
|---|---|---|
| ☐ | YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM | |
| | DATE AND TIME | |
| ☐ | YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: | |
| PLACE OF DEPOSITION | DATE AND TIME | |
| ☒ | YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): see Exhibit A | |
| PLACE: 9645 Granite Ridge Drive, Suite 225, San Diego, CA 92123 | DATE AND TIME: July 22, 2005, 10:00am | |
| ☐ | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| PREMISES | DATE AND TIME | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DEFENDANT

*[signature]*

Attorney for Defendant

DATE: 7/8/05

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 North Market Street, P.O. Box 1347
Wilmington, DE 19899

TELEPHONE: (302) 658-9200

PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | Date | Place |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____
                              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Exhibit A (Bradley Nemeth)

## DEFINITIONS AND INSTRUCTIONS

1. "Document" is used as defined in Fed. R. Civ. P. 34(a), and includes electronic mail.

2. "Concern" and "concerning" are used in their broadest sense and include all matters relating to, referring to, describing, evidencing or constituting the referenced subject.

3. "Promex" includes Promex, Inc., Promex Technologies, LLC, and Noetix, Inc., and their affiliates and agents or representatives.

## DOCUMENT REQUESTS

1. All documents and things concerning the Diskecter.

2. All documents and things concerning any vitrectomy devices developed by, or provided to Scieran by, Promex.

3. All documents and things constituting or concerning any communications with Promex, including with Alan Schechter.

4. All documents and things constituting or concerning Alan Schechter's January 18, 1995 letter to you (referenced in the letter attached hereto) or the subject matter of that letter.

5. All documents and things constituting or concerning any communications with Rod Ross, Chris Boore, Gregg Hughes or any other person affiliated with Scieran concerning Promex.

473331

LAW OFFICES
# J. Douglass Jennings, Jr.
A PROFESSIONAL CORPORATION

J. DOUGLASS JENNINGS, JR.
A PROFESSIONAL CORPORATION
BRADLEY W. NEMETH
A PROFESSIONAL CORPORATION
JOSEPH W. ROBINSON
STEVEN S. KANE
DAVID J. OPPEDISANO †

LA JOLLA GATEWAY, BUILDING II
9171 TOWNE CENTRE DRIVE, SUITE 350
SAN DIEGO, CALIFORNIA 92122
619-457-1224

CHARLIE C. CONATSER
EXECUTIVE DIRECTOR

SHANA K. FIMBRES
EXECUTIVE ASSISTANT

FACSIMILE: 619-457-0252

APRIL M. GIFFIN, STAFF ACCOUNTANT
† ALSO CERTIFIED PUBLIC ACCOUNTANT

May 3, 1995

Mr. Alan Schechter
Noetix, Inc.
P.O. Box 901
Los Alamitos, CA 90720

Re: <u>Licensing and Production Agreement with Scieran Technologies, Inc.</u>

Dear Mr. Schechter:

On Monday, May 1, 1995, Rod Ross at Scieran Technologies provided me with a copy of the "draft" Licensing and Production Agreement that you sent to him by facsimile late on April 27, 1995. Your "draft" agreement differs dramatically from the draft agreement that we had been negotiating previously and is in direct conflict with certain provisions of an agreement between you, on behalf of Noetix, and Rod Ross, on behalf of Scieran Technologies, signed January 20, 1995.

On January 8, 1995, Rod Ross sent a facsimile transmission to you memorializing prior discussions and agreements, and outlining the terms of an agreement whereby Noetix would start to manufacture, and Scieran Technologies would market, the high-speed vitrectomy device. According to this correspondence, an initial deposit of $50,000 would start the developmental activity. In reliance on the terms of this document, Rod Ross sent you a letter dated January 19, 1995, informing you that Scieran Technologies was ready to move forward in the venture. Stated in Mr. Ross's letter were the facts that Mr. Ross and Mr. Boore were taking significant steps, making significant commitments, and incurring expenses in the venture. The letter stated that it was important that they have your commitment that there would be no changes to the agreement, so that the course of action could be pursued. You signed the document and returned it to Mr. Ross on January 20, 1995, to signify your acceptance and agreement to the terms. A copy of this agreement is enclosed for your reference.

ST01268

Mr. Alan Schechter
May 3, 1995
Page - 2 -

On January 18, 1995, you sent a letter to me enclosing information concerning the cutter and patents, along with technical specifications. Using this information and a price listing that you provided to Mr. Ross and Scieran Technologies, a business plan and financial projections were developed. Most of the business plan and assumptions were based upon the pricing you provided, terms you requested, and your production schedules. You were provided with a copy of this business plan and have been kept informed of the progress of raising funds from outside investors. The business plan and financial projections became the basis for a Private Placement Memorandum, which has been sent to interested persons as prospective investors. Based upon the projections, some of these persons have already committed funds. At each step of the way, Mr. Ross, Mr. Boore and Scieran Technologies have relied upon your representations and kept you informed of the progress of their efforts. This included detailed analysis of the pricing and sales efforts.

In April of 1995, Mr. Ross forwarded to you a copy of a draft Licensing and Production Agreement. This draft copy expanded upon the earlier agreement by adding additional terms to further define the relationships and obligations between Scieran Technologies and Noetix. You made changes to the agreement and returned it to Mr. Ross. A copy of that document with your changes is enclosed for your reference.

In response to your recommended changes, a revised document was prepared and forwarded to you. Suddenly, Mr. Ross and Mr. Boore received your "draft" Licensing and Production Agreement, which included significant changes to the prior agreed-upon terms.

Mr. Ross and Mr. Boore, along with Scieran Technologies, have asked me to remind you of the terms of the original agreement, which you signed on January 20, 1995. They also asked me to reiterate that they have acted in good faith in informing you of the progress of all of their efforts and have been timely in formalizing a final Licensing and Production Agreement that incorporates the terms of prior agreements. Through constant communication, both oral and written, you are aware that the business plan and marketing strategies upon which Mr. Ross, Mr. Boore, and Scieran Technologies have been depending are based upon your representations. To change your position to conflict with your prior agreements at this late date is unwarranted and can cause severe economic damage to Mr. Ross, Mr. Boore, Scieran Technologies, and investors.

ST01269

Mr. Alan Schechter
May 3, 1995
Page - 3 -

We want to work with you in finalizing the Licensing and Production Agreement consistent with prior agreements so that we can accomplish the original intent of the parties.

I look forward to hearing from you so that we can resolve this matter at the earliest time possible to avoid further damage.

Sincerely,

J. DOUGLASS JENNINGS, JR.,
A Professional Corporation

Bradley W. Nemeth

BWN/kf
Enclosure

ST01270